509 A.2d 974

Kathleen Chiulli, Petitioner v. Commonwealth of Pennsylvania, Pennsylvania Housing Finance Agency, Respondent.

Submitted on briefs April 2, 1986, to President Judge CRUMLISH, JR., Judge ROGERS, and Senior Judge KALISH, sitting as a panel of three.

*Bruce Fox,* with him, *Michal Fox,* for petitioner.

*Rebecca L. Peace,* for respondent.

OPINION BY JUDGE ROGERS, May 27, 1986:

Kathleen Chiulli (petitioner) has filed a petition for review of a final decision of a hearing examiner affirming the denial by the Pennsylvania Housing Finance Agency (PHFA) of the petitioner's application for mortgage assistance.

The petitioner and her husband obtained a mortgage loan in 1978 to finance the purchase of a house. The couple separated in May 1984, and the petitioner and her two children continued to occupy the house. Pursuant to an order entered October 13, 1983, the petitioner's husband, Louis Chiulli, was directed to pay the mortgage. In spite of the court order, Mr. Chiulli failed to make mortgage payments. In February, 1984, the petitioner filed a petition that her husband be held in contempt of the court's order. Mr. Chiulli then made up the arrearages, but he again stopped making the payments in September, 1984.

On January 24, 1985, the mortgagee sent a notice to the petitioner pursuant to the Homeowner's Emergency

Mortgage Assistance Program (Act 91), Act of December 23, 1983, P.L. 385, *as amended,* 35 P.S. §§1680.401c—1680.410c, advising her that her mortgage was delinquent from September, 1984 through February, 1985.

On February 15, 1985, the petitioner filed with the PHFA a request for financial assistance pursuant to Act 91. Article IV-C(a)(4), (10) of Act 91, *as amended,* 35 P.S. §1680.404c(a)(4), (10), provides as follows:

(a) No assistance may be made with respect to a mortgage under this article unless all of the following are established:

. . . .

(4) The mortgagor is a permanent resident of this Commonwealth and is suffering financial hardship due to circumstances beyond the mortgagor's control which render the mortgagor unable to correct the delinquency or delinquencies within a reasonable time and make full mortgage payments.

. . . .

(10) For purposes of this section, in order to determine whether the financial hardship is due to circumstances beyond the mortgagor's control, the agency may consider information regarding the mortgagor's employment record, credit history and current income.

On April 29, 1985, the PHFA denied the petitioner's request because the "[m]ortgagor is not suffering financial hardship due to circumstances beyond mortgagor's control: failure to pay mortgage because of marital dispute was not a circumstance beyond mortgagor's control."

Following a hearing on October 10, 1985, a hearing examiner affirmed the denial by letter dated October 18, 1985, which is the final order of the PHFA in this

matter. The letter contained findings to the effect that the mortgage is now approximately fourteen months delinquent, that the petitioner's net monthly income is approximately $416.00 in the form of public assistance and support payments, that she is not employed and is not seeking employment, that she plans to return to work when the youngest of her two children, ages five and three, enters school on a full-time basis, and that she had seven years of secretarial experience before the birth of her five year old.

The hearing examiner further found that the delinquency was attributable to Mr. Chiulli's failure to make the mortgage payments of $251.00 as required by court order, and that the petitioner "has thus far been unsuccessful in her attempt to have Mr. Chiulli's wages attached as a result of the subcontracting nature of his work."

The hearing examiner concluded as follows:

The mortgage default is clearly a result of a violation of a court-ordered separation agreement and as such, cannot be considered an emergency mortgage situation, but rather a domestic issue resulting from the marital separation. Although, the Appellant has marketable skills as an executive secretary, she has not sought employment during this period of hardship, electing not to seek employment until her children are both in school on a full-time basis. To that extent, the total delinquency was not beyond her control.

It is hereby ordered that the Pennsylvania Housing Finance Agency, Homeowner's Emergency Mortgage Assistance Program's decision of April 29, 1985, is affirmed and assistance is denied.

The petitioner contends that the hearing examiner committed an error of law in concluding that a mortga-

gor does not suffer a financial hardship due to circumstances beyond her control, and is therefore ineligible for emergency mortgage assistance, when the financial hardship is caused by a "domestic issue resulting from the marital separation."

On October 10, 1985, the date of the hearing, the petitioner offered no evidence of any action taken by her with respect to her husband's failure to comply with the court order of October, 1983, directing him to pay the mortgage after she learned that he had stopped making the payments in September, 1984. She testified, however, that her husband is employed and capable of paying the mortgage.

Counsel for the petitioner writes in her brief that on November 14, 1985, about a month after the hearing below, the Family Court Division of the Court of Common Pleas of Philadelphia County, on application of the petitioner, entered an order requiring Mr. Chiulli to pay all arrearages on the mortgage and to keep paying the mortgage.

On this state of the record, we agree with the Hearing Examiner that at the time of the petitioner's hearing, her problem was a domestic matter to a considerable extent within her control and not then requiring the assistance of PHFA. We affirm the final decision of the Hearing Examiner upholding the PHFA's decision denying assistance.

Order affirmed.

### ORDER

AND NOW, this 27th day of May, 1986, the final decision of the Hearing Examiner affirming the order of Pennsylvania Housing Finance Agency in the above-captioned matter is affirmed.